# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−00297−JJM−LDA</u>

Strahan v. McCafferty et al

Assigned to: Judge John J. McConnell, Jr

Referred to: US Magistrate Judge Lincoln D Almond

Cause: 28:1331 Fed. Question

Date Filed: 05/31/2023

Date Terminated: 08/04/2023

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Richard Maximus Strahan**

represented by **Richard Maximus Strahan**
1465 Woodbury Ave. #337
Portsmouth, NH 03801
617 717−4402
PRO SE

V.

**Defendant**

**Landya McCafferty**

**Defendant**

**Andrea K Johnstone**

**Defendant**

**Steven J. McAuliffe**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2023 | <u>1</u> | Verified Complaint for Declaratory, Injunctive, Compensatory Relief and Request for a Jury Trial against Andrea K Johnstone, Steven J. McAuliffe, Landya McCafferty with Jury Demand filed by Richard Maximus Strahan. (Attachments: # <u>1</u> Civil Cover Sheet, # <u>2</u> Summons − Waiver, # <u>3</u> Summons − Waiver, # <u>4</u> Summons − Waiver)(ed) (Entered: 05/31/2023) |
| 05/31/2023 | 2 | MOTION to Proceed Without Prepayment of Fees or Costs filed by Richard Maximus Strahan.(ed) (Entered: 05/31/2023) |
| 05/31/2023 | 3 | Petition to Waive Filing Fee and Costs for Service of Summons on the Defendants filed by Richard Maximus Strahan.(ed) (Entered: 05/31/2023) |
| 05/31/2023 | 4 | MOTION to Participate in Electronic Filing filed by Richard Maximus Strahan.(ed) (Entered: 05/31/2023) |
| 05/31/2023 | 5 | Emergency Petition for an Ex Parte Temporary Restraining Order filed by Richard Maximus Strahan.(ed) (Entered: 05/31/2023) |

| | | |
|---|---|---|
| 05/31/2023 | | Case assigned to Judge Joseph N. Laplante. The case designation is: 1:23−cv−297. Please show this number with the judge designation on all future pleadings. (ed) (Entered: 05/31/2023) |
| 05/31/2023 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (ed) (Entered: 05/31/2023) |
| 05/31/2023 | | **ENDORSED ORDER granting 2 Application to Proceed Without Prepayment of Fees or Costs.** *Text of Order: Plaintiff's request to proceed without prepayment of fees or costs is hereby granted, but only for the purpose of waiving the filing fee.* **So Ordered by Magistrate Judge Daniel J. Lynch.(ed)** (Entered: 05/31/2023) |
| 05/31/2023 | 6 | **ORDER OF RECUSAL. Judge Joseph N. Laplante recused. So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 05/31/2023) |
| 06/06/2023 | | Case reassigned to Judge Samantha D. Elliott. Reason for Reassignment: Judge Laplante recused. The new case designation is: 23−cv−297−SE. Please show this number with the correct judge designation on all further pleadings. (jb) (Entered: 06/06/2023) |
| 06/22/2023 | 7 | **ORDER OF RECUSAL. Judge Samantha D. Elliott recused. So Ordered by Judge Samantha D. Elliott.(vln)** (Entered: 06/22/2023) |
| 06/28/2023 | 8 | **ORDER OF RECUSAL. Judge Paul J. Barbadoro recused. So Ordered by Judge Paul J. Barbadoro. (mc)** (Entered: 06/28/2023) |
| 06/30/2023 | 9 | **REFERRAL ORDER. All of the judges are recused, case referred to District of Rhode Island. Concurring Order sent. Miscellaneous Deadline set for 7/25/2023. So Ordered by Chief Judge Landya B. McCafferty. (Attachments: # 1 Des−Out Order)(mc)** (Entered: 07/05/2023) |
| 07/05/2023 | 10 | **CONCURRING ORDER 9 Designated Case Order Out. Chief Judge Judge John J. McConnell, Jr. is assigned to preside over this case. Magistrate Judge Lincoln D. Almond is assigned to perform such duties as may be assigned to him by Chief Judge John J. McConnell, Jr. So Ordered by Judge John J. McConnell, Jr. (mc)** (Entered: 07/10/2023) |
| 07/05/2023 | | Case reassigned to Judge John J. McConnell, Jr and US Magistrate Judge Lincoln D Almond. The new case designation is: 1:23−cv−297−JM. Please show this number with the correct judge designation on all further pleadings. (mc) (Entered: 07/10/2023) |
| 07/10/2023 | 11 | **PROCEDURAL NOTICE: Due to recusal of NH judges, case referred to Rhode Island. Original filings shall continue to be filed electronically with the Clerk in New Hampshire in accordance with the district Administrative Procedures for Electronic Case Filing. Pro se litigants, however, are not required to file electronically and may continue to file documents in paper format. No courtesy filings need to be filed in the District of Rhode Island. (mc)** (Entered: 07/10/2023) |
| 08/04/2023 | 12 | **ORDER.** *The Court DISMISSES Mr. Strahan's Petition (ECF No. 1) with prejudice. In addition, the Court DENIES the Motions (ECF Nos. 3, 4, and 5) as moot.* **So Ordered by Judge John J. McConnell, Jr.(vln)** (Entered: 08/04/2023) |

| 08/04/2023 | 13 | **JUDGMENT is hereby entered in accordance with 12 Order dismissing 1 Complaint. Signed by Tracy A. Uhrin, Chief Deputy Clerk. *(Case Closed)* (vln)** (Entered: 08/04/2023) |
|---|---|---|
| 09/02/2023 | 14 | NOTICE OF APPEAL as to 12 Order DISMISSING CASE, 13 JUDGMENT by Richard Maximus Strahan. Filing fee $ 505, receipt number UNPAID. File−stamped copy to be sent to parties/USCA by Clerks Office.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf**(vln) (Entered: 09/05/2023) |
| 09/05/2023 | 15 | Appeal Cover Sheet as to 14 Notice of Appeal,, filed by Richard Maximus Strahan (vln) (Entered: 09/05/2023) |
| 09/05/2023 | 16 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 12 − 16, re 14 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 09/05/2023) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| | ) | |
| RICHARD MAXIMUS STRAHAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-297-JJM-LDA |
| | ) | |
| LANDYA McCAFFERTY, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Before the Court are three motions filed by Plaintiff Richard Maximus Strahan: Plaintiff's Petition to Waive Filing Fee and Costs for Service of Summons on the Defendants (ECF No. 3); Pro Se Motion to Participate in Electronic Filing (ECF No. 4); and Plaintiff's Emergency Petition for an Ex Parte Temporary Restraining Order (ECF No. 5) (collectively, the "Motions").  For the reasons stated herein, the Motions are DENIED as moot.  In addition, Mr. Strahan's Verified Complaint for Declaratory, Injunctive, Compensatory Relief & Request for a Jury Trial (ECF No. 1) (the "Complaint") are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## I.   BACKGROUND

Mr. Strahan has a lengthy history with the District of New Hampshire. Complaint ¶ 15.  Most recently, the district court dismissed a civil action he filed, *Strahan v. O'Reilly,* 22-cv-00052-SM (D.N.H. 2022) (the "*O'Reilly* case").  *See* Complaint  ¶¶ 3, 14.  That dismissal led to the filing of the instant action. *See id.* ¶ 3.

Mr. Strahan identifies himself as a "Citizen Attorney General," *id.* at 1, and an "Endangered Species Recovery Agent," *id.* ¶ 4.  He states that "[t]he instant action is a *Bivens*[1] action against individuals who are federal employees."  *Id.* ¶ 9.  Defendants are two United States District Judges, Landya McCafferty and Steven J. McAuliffe, and one United States Magistrate Judge, Andrea K. Johnstone, all of whom are being sued as individuals acting under color of federal law and as federal actors.  *See id.* ¶¶ 6-8.  Mr. Strahan seeks injunctive and declaratory relief, as well as compensatory and punitive damages, against Defendants pursuant to the First Amendment's Petition and Free Speech clauses.  *Id.* ¶ 3.

Mr. Strahan filed his Complaint in the District of New Hampshire.  *See* Docket.  However, because Defendants are judges of that district and the remaining judges there have recused themselves, a District of Rhode Island judge has been designated to preside over all further proceedings in the case.  *See id.*

## II.   SECTION 1915 SCREENING

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that:

. . .

(B)  the action or appeal--

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court "recognized an implied cause of action for damages against federal officials for Fourth Amendment violations." *Reichle v. Howards,* 566 U.S. 658, 663 n.4. (2012).

      (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *see also Hulsey v. Federal Bureau of Prisons*, No. 20-cv-11078-DLC, 2020 WL 3105035, at *2 (D. Mass. June 11, 2020) ("When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915."), *appeal dismissed*, 2020 WL 7873159 (1st Cir. Oct. 22, 2020); *Chase v. Chafee*, No. CA 11-586-ML, 2011 WL 6826504, at *1 (D.R.I. Dec. 9, 2011) (citing 28 U.S.C. § 1915(e)(2)), *Report and Recommendation adopted*, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); *Correia v. Dep't of Homeland Sec.*, C.A. No. 08-352-WES, 2009 WL 68733, at *2 (D.R.I. Jan. 6, 2009) (quoting 28 U.S.C. § 1915(e)(2)).[2]

    The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B) is identical to the legal standard used for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Chase*, 2011 WL 6826504, at *2. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility

---

    [2] "Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening." *Hulsey*, 2020 WL 3105035, at *2. Significantly, "[b]oth § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief." *Id.*

standard does not require a probability but is more than a mere possibility." *Hulsey*, 2020 WL 3105035, at *2 (citing *Iqbal*, 556 U.S. at 678); *see also Glennie v. Garland*, C.A. No. 21-231-JJM, 2023 WL 2265247, at *5 (D.R.I. Feb. 28, 2023) ("That is, the non-conclusory factual allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." (citing cases)). "In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations." *Chase*, 2011 WL 6826504, at *2 (citing *Iqbal*, 556 U.S. at 678).

The Court also must read pro se pleadings liberally. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the right of self-representation is not a license not to comply with relevant rules of procedural law." *Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (internal quotation marks omitted); *see also Fed. Deposit Ins. Corp. v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.' This applies with equal force to a district court's procedural rules." (quoting *United States v. Heller*, 957 F.2d 26, 31 (1st Cir. 1992))) (alteration in original) (internal citations omitted).

Accordingly, in connection with his petition to waive the filing fee and costs of service of summons, the Court has reviewed the merits of Mr. Strahan's Complaint.

### III.   DISCUSSION

Following this review, the Court has determined that the Complaint must be dismissed, for several reasons.   First, the Complaint is plainly frivolous and malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  Second, the Complaint fails to state any claim upon which relief can be granted.  *See id.* § 1915(e)(2)(B)(ii).   Third, the Complaint seeks damages from Defendants who are absolutely immune from such relief.  *See id.* § 1915(e)(2)(B)(iii).  Fourth, the rest of the relief Mr. Strahan seeks is unavailable under *Bivens*.  *See Hulsey*, 2020 WL 3105035, at *2 ("*Bivens* does not encompass injunctive and declaratory relief that requires official government action.").

First, Mr. Strahan's Complaint is plainly frivolous and malicious, and is obviously retaliatory.  It is apparent from Mr. Strahan's first paragraph that he has an axe to grind against Defendants: "I am bringing claims against the Defendants ('Shyster Judges') under the First Amendment's Petition Clause and other constitutional provisions of law to protect my First Amendment protected right to Petition the Courts . . . and my Freedom of Speech in making written filings to the federal courts."  Complaint ¶ 1 (footnote omitted); *see also id.* ("The Shyster Judges have usurped their legitimate judicial authority by acting as biased individuals against pro se petitioner[s] in general and me especially as the dreaded 'multi-filer.'").  By the Court's count, Mr. Strahan refers to Defendants as "Shyster Judges," or some variant thereof, no less than 72 times.  *See generally id.*

It is also clear from Mr. Strahan's own words that he filed the instant Complaint in retaliation for the District of New Hampshire's dismissal, with prejudice, of the *O'Reilly* case. *See, e.g., id.* ¶ 3 (noting that he seeks "[c]ompensatory and punitive damages against the Shyster Judges for their retaliatory and otherwise unconstitutional dismissal of *Strahan v. O'Reilly* as a punitive act for his filing critical statements concerning the Shyster Judges failure to adjudicate his claims and/or their enforcing orders to prohibit his constitutionally protected right to communicate with clerk's office employees about issues concerning his petition the court") (internal citation omitted). Mr. Strahan spends precious little time addressing the First Amendment rights he purports to be upholding and far more time attacking Defendants for their judicial actions in the *O'Reilly* case.

Mr. Strahan appears to believe that he is free to say whatever he wants in court filings or to court personnel and that he is not bound by the Federal Rules of Civil Procedure or court rules. *See* Complaint ¶ 28 ("The First Amendment protects my right to make critical, disrespectful and downright obnoxious statements about how the judge is threaten [sic] me and my claims against the defendants."); *id.* ¶ 31 ("Lawyers as employed professionals and officers of the court may be bound to common law and FRCP's providing no right to petition the court's [sic] in representing a paying client. But I and other members of the Public petitioning the courts on our own, are fully protected by the Petition Clause in our right to petition court' [sic] and

getting our claims fully adjudicated on the merits.").[3]  He is mistaken.  *See Eagle Eye Fishing Corp.*, 20 F.3d at 506; *Anchor Props.*, 13 F.3d at 31; s*ee also Murphy v. Maine*, C.A. No. 06-062-ML, 2007 WL 9808159, at *3 (D.R.I. Jan. 17, 2007) ("While this Court is obliged to read *pro se* filings liberally, '*pro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988))); *cf. id.* ("Plaintiff's wild rants against three judicial officers who have rendered decisions in her case do not in any way meet the requirement of 'objective reasonableness' imposed by Rule 11.").

Mr. Strahan argues that the dismissal of the *O'Reilly* case was "based on nothing more than the criticism [he] made of [the judges] in written court filings," Complaint ¶ 14, and was "retaliatory" and "punitive," *id.* ¶ 3.  However, Mr. Strahan's Complaint makes clear that the court in the *O'Reilly* case warned him repeatedly that his behavior could subject him to sanctions.  *See* Complaint ¶¶ 18, 23, 31, 33 (quoting court orders in the *O'Reilly* case).[4]  For example, the court stated:

> Indeed, [Mr.] Strahan seems more interested in making some sort of point about the limits of his so-called "free speech" and/or the scope of the court's authority to manage both its docket and unruly litigants than he is in addressing the merits of his claims.  That is, of course, his choice. But it is not without consequence.

---

[3] Mr. Strahan's numbering of paragraphs is inconsistent.  *See* Complaint at 11-12 (following ¶ 35 with ¶ 26).  The paragraphs cited above appear on pages 12-13.

[4] *See* n.3.  Paragraphs 31 and 33 appear on pages 10-11.

*Id.* ¶ 31 (bold omitted).[5]  In a different case filed in the District of New Hampshire, the court warned: "[Mr.] Strahan's repeated failure to heed the court's directions to maintain the same behavior required of every other litigant in this court demonstrates that further sanctions are necessary to deter such conduct in the future." *Strahan v. Adm'r, Nat'l Oceanic & Atmospheric Admin.*, Case No. 18-cv-752-LM, 2020 WL 8167476, at *3 (D.N.H. Jan. 14, 2020).  And the District of Maine noted that "[e]vidently Plaintiff believes that if he yells and screams and throws a fit he will get his way.  It does not work that way," *Man against Xtinction v. Comm'r of Maine Dep't of Marine Res.*, No. 1:19-CV-00406-LEW, 2020 WL 5578408, at *3 (D. Me. Sept. 17, 2020), and similarly cautioned him, *see id.* at *4-5.[6]

"The First Circuit has been clear in setting forth a district court's power to manage effectively and efficiently its docket, including the imposition of sanctions." *Sousa v. Mortg. Elec. Registration Sys., Inc.,* C.A. No. 12-303-JJM, 2013 WL 4094379, at *1 (D.R.I. Aug. 13, 2013); *see also Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este & Sara Lopez, M.D.*, 456 F.3d 272, 277 (1st Cir. 2006) ("[T]he district court has an interest in the efficient management of its docket."); *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993) ("Trial judges enjoy great latitude in carrying out case management functions.").  "For example, courts possess inherent authority to impose silence, respect and decorum, require submission to their lawful mandates, fashion an appropriate sanction for conduct which abuses the

---

[5] *See* n.4.
[6] The plaintiff in *Man against Xtinction* was Mr. Strahan.  2020 WL 5578408, at *1.

judicial process, . . . and generally to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *In re: Petition for Order Directing Release of Records*, 27 F.4th 84, 89 (1st Cir. 2022) (internal citations and quotation marks omitted); *see also id.* ("Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities.") (internal quotation marks omitted); *Jones*, 990 F.2d at 5 ("Trial judges enjoy great latitude in carrying out case-management functions.  When confronted with a party's defiance of its management authority, a district court is necessarily vested with considerable discretion in deciding whether to impose sanctions on that party, and, if so, in determining what form the sanctions should take.") (internal citation omitted).  Thus, "although dismissal of an action as a sanction is a drastic measure, . . . [it] is within the [c]ourt's discretion . . . ." *Murphy*, 2007 WL 9808159, at *3.

Second, the Complaint fails to state a claim on which this Court may grant relief.  The Supreme Court has made clear that *Bivens* does not extend to First Amendment claims. *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022) ("[W]e have never held that *Bivens* extends to First Amendment claims." (quoting *Reichle*, 566 U.S. at 633 n.4)); *see also id.* (holding that "[T]here is no *Bivens* action for First Amendment retaliation."); *Casey v. Dep't of Health & Human Servs.*, 807 F.3d 395, 401 (1st Cir. 2015) ("To date, both the Supreme Court and the First Circuit have declined to expressly extend *Bivens* to encompass a First Amendment claim."); *Hulsey*, 2020 WL 3105035, at *3 ("To the extent Hulsey raises a claim for a violation of his right of

access to the courts pursuant to the First Amendment, the Supreme Court has never recognized a *Bivens* remedy for a First Amendment claim.").

In *Hulsey*, the plaintiff alleged that he was denied access to the courts due to prison guards refusing to provide him with writing supplies, destroying his outgoing mail, and opening his legal mail without him being present.  *See* 2020 WL 3105035, at *3.  Here, Mr. Strahan alleges that Defendants are interfering with his rights to "Petition the Courts" and "Freedom of Speech in making written filings to the federal courts."  Complaint ¶ 1.  Specifically, he alleges that Defendants "are acting in concert to interfere and otherwise stop me from making written filings criticizing them in their oversight of the court proceedings," *id.*, "stopping [him] from prosecuting [his] claims against them and other government defendants in the US District Court for the District of New Hampshire (USDC NH)," *id.*, and "enforcing an order to stop [him] from having telephonic communication with the USDC NH clerk's office (Clerk's Office) staff . . . [and] from physically entering that office," *id.*  But allowing his First Amendment claims to proceed pursuant to *Bivens* "would require an extension of *Bivens*, which is disfavored."  *Hulsey*, 2020 WL 3105035, at *3; *see also Kennedy v. Massachusetts,* Civil Action No. 22-11152-NMG, 2022 WL 17343849, at *3 (D. Mass. Nov. 30, 2022)  ("In recent years, the Supreme Court has emphasized that recognizing an implied cause of action under *Bivens* is a 'disfavored judicial activity.'" (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017))). [7]  Thus, as was the case in *Hulsey*, the

---

[7] In *Egbert*, the Supreme Court stated that, since *Bivens*, "the Court twice again fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, and second, for a

Court finds that Mr. Strahan's allegations are inadequate "to state any claim for which a *Bivens* remedy exists." *Hulsey,* 2020 WL 3105035, at *3.

Third, because Defendants in this case are all federal judges, Complaint ¶¶ 6-8, Mr. Strahan's claims against them are barred by the doctrine of absolute judicial immunity. *See Velasquez v. McElroy*, Case No. 23-cv-15-SDE-AKJ, 2023 WL 2617457, at *1 (D.R.I. Feb. 28, 2023), *Report and Recommendation adopted*, 2023 WL 2610456 (D.R.I. Mar. 23, 2023).

"[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Id.* (quoting *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019)) (alteration in original). "Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory. " *Zenon*, 924 F.3d at 617 (citing *Forrester v. White*, 484 U.S. 219, 227-28 (1988)). "To determine if the judge is entitled to the full protection of the doctrine's deflector shield, the Supreme Court has assessed whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)) (internal footnote omitted); *see also id.* at 618 ("[T]he relevant inquiry is the 'nature' and 'function' of the act . . . .  In other words, we look to the particular

---

federal prisoner's inadequate-care claim under the Eighth Amendment." 142 S. Ct. at 1802 (internal citations omitted).  "Since these cases, the Court has not implied additional causes of action under the Constitution." *Id.*; *see also Glennie*, 2023 WL 2265247, at *13 ("A *Bivens* implied right of action is available in three narrow circumstances."); *Kennedy,* 2022 WL 17343849, at *3 (noting that "those three contexts are the sole causes of action recognized today by the Supreme Court under *Bivens*").

act's relation to a general function normally performed by a judge." (quoting *Mireles v. Waco*, 502 U.S. 9, 13 (1991))) (alterations in original).  Further, "[a]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." *Velasquez*, 2023 WL 2617457, at *1.

In *Velasquez*, the Court found that Mr. Velasquez's claims "indisputably ar[o]se from the defendants' actions taken in their adjudicatory capacities in [Mr. Velasquez's prior suit]: Judge McElroy in dismissing the case and Judges Lynch and Thompson in affirming the dismissal on appeal." *Id.*  Similarly, here, Mr. Strahan's claims arise from Defendants' actions, taken in their judicial capacities, in the *O'Reilly* case, including, ultimately, dismissal. *See, e.g.*, Complaint ¶ 3 (noting that he is seeking "[c]ompensatory and punitive damages against [Defendants] for their retaliatory and otherwise unconstitutional dismissal of *Strahan v. O'Reilly . . . .*").

For example, Mr. Strahan refers to several orders issued by Defendants in the *O'Reilly case*, including a Case Management Order, a follow-up Order, and an Order to show cause why the case should not be dismissed.  Complaint ¶¶ 17-18, 22-23, 28-29, 31; *see also* Docket in *Strahan v. O'Reilly*, Case No. 22-cv-52-SM, ECF Nos. 9, 42, 72.[8]  These were issued and docketed as court orders issued by Defendants in their judicial capacities.  When Mr. Strahan did not abide by the orders, including failing to respond to the show cause Order, *see* Complaint ¶ 28 (noting that filing a response to the show cause Order to avoid dismissal "would be an act of futility with no chance

---

[8] Mr. Strahan refers to these orders as the "Gag Order," "Gag Order II," and "Revenge Order."  Complaint ¶¶ 17, 22, 28.

of success"), the district court dismissed the complaint, *see id.* ¶¶ 32-33; Docket in *Strahan v. O'Reilly*, Case No. 22-cv-52-SM, ECF No. 80.[9]

Even if, as Mr. Strahan alleges, Defendants' actions were retaliatory—and the Court here makes no such finding—Defendants are still protected by absolute judicial immunity. *See Zenon*, 924 F.3d at 616 ("The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith . . . ."); *see also Velasquez*, 2023 WL 2617457, at *1 (noting that plaintiff's claims "indisputably ar[o]se from the defendants' actions taken in their adjudicatory capacities" and should be dismissed).

Fourth, the remaining relief Mr. Strahan seeks is unavailable under *Bivens*. A "plaintiff may not seek injunctive relief against federal officials in a *Bivens* action. *Bivens* does not encompass injunctive and declaratory relief that requires official government action." *Hulsey*, 2020 WL 3105035, at *2. "The only remedy available in a *Bivens* action is an award for money damages from defendants in their individual capacities," *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) (quoting *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)); *see also id.* at 1094 ("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action."), and, as discussed above, money damages are not available from these Defendants, *see Velasquez*, 2023 WL 2617457, at *1.

---

[9] Mr. Strahan refers to the final Order as the "Termination Order." Complaint ¶ 32.

## CONCLUSION

For these reasons, pursuant to § 1915(e)(2)(B), the Court DISMISSES Mr.

Strahan's Petition (ECF No. 1) with prejudice.  In addition, the Court DENIES the

Motions (ECF Nos. 3, 4, and 5) as moot.


IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge


August 4, 2023

14

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard Maximus Strahan

     v.

                                 Case No. 23-cv-297-JJM-LDA

Landya McCafferty, et al


## JUDGMENT


    In accordance with the Order by Judge John J. McConnell, Jr.
dated August 4, 2023, judgment is hereby entered.


                                By the Court:


                               /s/ Tracy A. Uhrin
                               _____
                               Tracy A. Uhrin
                               Chief Deputy Clerk


Date: August 11, 2023

cc:  Richard Maximus Strahan, pro se

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

**Civil Action: 23-cv-00297**

RICHARD MAXIMUS STRAHAN, *as Citizen Attorney General*

V.

LANDYA MCCAFFERTY , *et al. as Defendants*

**2 September 2023**

_____

U SUM DUM JUDGE: NOTICE OF APPEAL
— AND —
MY NOTICE OF INTENT TO PROSECUTE SHYSTER MCCONNELL FOR
VIOLATING MY CONSTITUTIONALLY PROTECTED RIGHT TO PETITION
THE COURTS AND ENGAGE IN CORE-PROTECTED POLITICAL SPEECH

_____

Plaintiff RICHARD MAXIMUS STRAHAN speaks —

I am appealing Shyster McConnell's refusal to adjudicate my claims against the shyster judge defendants and its judgment of dismissal. I am also appealing its refusal to give me access to the ECF filing system and for libeling me in official and public documents.

In doing so he usurped his authority as a judicial employee of the federal government. He violated the First Amendment rights of core protected political speech and to petition the government to enforce my constitutional rights against any infringement by government employees. The Supreme Court has no lawful authority to stop me from prosecuting any federal shyster judge who refuses to adjudicate my claims for no other reason that it found the political criticism of judges in my court filings to be obnoxious or otherwise personally offensive.

Additionally, no federal judge has any lawful authority to ban a citizen from directly communicating with employees of the clerk's office and especially without first affording him a pre-deprivational hearing and the opportunity to defend himself from hearsay allegations against him made to judicial employees.

For the inclusive but no exclusive reasons, I will be commencing a civil action prosecuting Shyster Judge McConnell and the named defendants for violating for enforcing administrative policies and local rules that discriminate against citizens petitioning the court without stepping aside and instead  have one of their fellow members of the NH Bar Association to prosecute his claims in any manner it chooses to do so.

### Summary

"GO TO HELL SHYSTER MCCONNELL, YOU JUDICIAL BASTARD"

BY:   /s/ Richard Maximus Strahan

_____

Richard Maximus Strahan

*Vir Rei Publicae Necessarius Est*

A copy of this notice was served on the shyster judge defendants via the ECF filing system. /s/ Richard Maximus Strahan.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET


1.      USDC/NH Case No. 23-cv-297-JJM-LDA

2.      TITLE OF CASE:   Richard M. Strahan v. Landya McCafferty,et al

3.      TYPE OF CASE: Civil

4.      NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
        See certified copy of docket (ECF registered users not provided with a copy of docket)

5.      NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
        See certified copy of docket (ECF registered users not provided with a copy of docket)

6.      NAME OF JUDGE: John J. McConnell, Jr.

7.      DATE OF JUDGMENT OR ORDER ON APPEAL: **August 4, 2023**

8.      DATE OF NOTICE OF APPEAL: **September 2, 2023**

9.      FEE PAID or IFP :YES

10.     COURT APPOINTED COUNSEL: NO

11.     COURT REPORTER(S):   and DATES:

12.     TRANSCRIPTS ORDERED/ON FILE: NO

13.     HEARING/TRIAL EXHIBITS: NO

14.     MOTIONS PENDING: NO

15.     GUIDELINES CASE: Not Applicable

16.     RELATED CASES or CROSS APPEAL:

17.     SPECIAL COMMENTS:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Richard Maximus Strahan

     v.                                         No. 23-cv-297-JJM-LDA

Landya McCafferty, et al


CLERK'S CERTIFICATE TO
<u>CIRCUIT COURT OF APPEALS</u>

     I, Vincent Negron, Deputy Clerk of the United States District
Court for the District of New Hampshire, do hereby certify that the
following documents constitute the record on appeal to the First
Circuit Court of Appeals:

     DOCUMENTS NUMBERED: 12 - 16

     The Clerk's Office hereby certifies the record and docket sheet
available through ECF to be the certified record and the certified
copy of the docket entries.

     If applicable, hearing and/or trial exhibits will be mailed to
the First Circuit Clerk's Office.


                              IN TESTIMONY WHEREOF, I hereunto
                              set my hand and affix the seal
                              of said Court, at Concord, in
                              said District, on this day,


                              **DANIEL J. LYNCH, Clerk**


                              **By: /s/ VincentNegron, Deputy Clerk**

                              **Sep 05, 2023**