UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

**Appeal No. 23-1734**

# RICHARD MAXIMUS STRAHAN A/K/A "M.A.X." FN¹

\ *Citizen Protector Appellant* **FN2**

v.

Steven MCAULIFFE & Landya MCCAFFERTY & Andrea JOHNSTONE

*Appellees-Defendants*

_____

# CITIZEN PROSECUTOR'S BRIEF ON APPEAL
_____

**17 April 2024**

---

¹ The Appellant is bringing the instant action pursuant to his authority to petition the Court provided to him by the Petition Clause of the First Amendment.

² I am not appealing any issue related to the defendants in the underlying action. The only issues on appeal arises from the criminal conduct by the Three Shyster Stooges who were acting to enforce constitutionally affirmed official practices of the USDC District of New Hampshire.

I.      STATEMENT REGARDING ORAL ARGUMENT

Upon information and belief, the shyster judges of the First Circuit enforce an unconstitutional official policy of that court that refuses to provide pro se Appellants-Plaintiffs who are not attorneys any opportunity to present oral argument to the tribunal. Upon information and belief over the last five years the Court has not offered even one pro se Appellant-Plaintiff who is not an attorney any opportunity to address the tribunal on oral argument. I COMMAND the Court to afford me the opportunity to address the tribunal in oral argument before it rules on the instant appeal.

II.     STATEMENT OF STANDARD OF REVIEW

All issues of alleged fact and claims of law must be reviewed *de novo* by the Court.

III.    STATEMENT OF THE CASE

FIRST, let me address The 800- pound Gorilla whose presence underlies every aspect of the instant Appeal. Which is whether Citizens prosecuting civil actions w/o shyster assistance have the right if not constitutional authority to make court filings that freely criticize their treatment by a judge overseeing the proceedings in their lawsuit especially when these criticisms only focus on the judge's alleged failure to adjudicate the Citizen's claims fairly and properly.

I claim that the First Amendment under its Free Speech Clause protects my right to criticize in court filings any judge overseeing a civil action that I am prosecuting especially for its failure to fairly and objectively adjudicate my claims against any defendant and to do so even if it appears that I am being obnoxious and

disrespectful to the criticize judge including my constitutionally protected right to call it by derogatory terms as a "shyster" and a "Nazi."

SECOND, I claimed in the underly action and herein that the First Amendment's Petition Clause protects my right to Petition the Court and therefore no judge can terminate the proceedings in retaliation for my simply making written complaints and insults of the court's shyster judges in my court filings. I am not a shyster and therefore the court cannot impose any rules of etiquette or preferred decorum on me or any other Citizen petitioning the court on our own without the burden of being forced to endure the burden of having a shyster represent us by cutting us off from making any direct communication with the court.

THIRD, I am seeking declaratory judgment relief in the underlying lawsuit against these Appellees they usurped their constitutional authority as government employees to terminate a prior lawsuit of mine and by issuing punitive orders against me both in retaliation for exercising my First Amendment protected right to criticize these shyster in my court filings and referring to them in my said filings as "shysters," "Nazis" and telling them to "Go to Hell." **FN3** I claimed in my pleadings in the underlying court that the shyster appellees usurped their lawful authority in *Strahan v. O'Reilly* as court employees when they acted in their official capacity under color of the underlying courts' administrative rules and common law doctrine to unlawfully enforce these rules against me in violation of my First Amendment constitutionally protected rights of Free Speech and the right to Petition the courts.

---

³ *Strahan v. O'Reilly et al.*, 22-cv-00052 (Dist. NH 2022)

FOURTH, pursuant to the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), I petitioned the underling court to issue me injunctive relief against the three shyster appellants in their official capacity to permanently enjoin them in prospective future court proceedings from enforcing against me any common law or written court rules that they claim allow them to again terminate any prospective future lawsuit of mine in retaliation for my making filings in that future lawsuit that criticized them acting as possible presiding shyster judges and in which he I might refer to them as a "shyster," "Nazi" or similar derogatory term. In seeking the said injunctive relief I also maintain that the shyster Nazi appellees have no immunity under the Constitution from being sued as government officials to seek an injunction against them from enforcing unconstitutional court rules and policies against me.

**The Underlying Court's Retaliatory Dismissal —**

As expected, when the USDC NH court sent the disfavored underlying lawsuit to its dumpster presided over under contract to the USDC-RI court, it was immediately dismissed on all my claims and requests for relief without a hearing by the assigned RI shyster. See Addendum #xxx "RI Termination"

The underlying case was unlawfully transferred out of the NH District Court to the USDC of Rhode Island where it was Dead on Arrival to that court. The transfer was done by the USDC New Hampshire court down under an arrangement with the USDC RI court that any pro se lawsuit suing a judge would be instantly dismissed as "frivolous" under 28 USC § 1915 by the Rhode Island court. Expectedly, the underlying lawsuit was dismissed by the USDC RI court as "frivolous" pursuant to 28 USCA § 1915. SEE ADDENDUM #XX "Termination Order"

The RI Terminations starts off with its dismissive mandate —

> **Q1** "Following this review, the Court has determined that the Complaint *must* be dismissed, for several reasons. First, the Complaint is *plainly* frivolous and malicious. See 28 U.S.C. § 1915(e)(2)(B)(i). Second, the Complaint fails to state any claim upon which relief can be granted. See id. § 1915(e)(2)(B)(ii)."

It then goes on to besmirch my legitimate need to protect my Freedom of Speech and Right to Petition the Court in a court filing —

> **Q2:** "Mr. Strahan's Complaint is plainly frivolous and malicious and is obviously retaliatory. It is apparent from Mr. Strahan's first paragraph that he has an *axe to grind against Defendants*: "I am bringing claims against the Defendants ('Shyster Judges') under the First Amendment's Petition Clause and other constitutional provisions of law to protect my First Amendment protected right to Petition the Courts . . . and my Freedom of Speech in making written filings to the federal courts." Complaint ¶ 1 (footnote omitted); see also id. ("The Shyster Judges have usurped their legitimate judicial authority by acting as biased individuals against pro se petitioner[s] in general and me especially as the dreaded 'multi-filer.'")."

WTF! I have an "axe to grind" by seeking legitimate declaratory and injunctive relief protecting my constitutional right to be able to petition a court and then being able to criticize the court if it fails to adjudicate my meritorious claims? My sought for declaratory and injunctive relief is completely meritorious. I am seeking only to enforce my right to bring lawsuits in the future without the threat that these shyster appellees will not be able to terminate any future lawsuit simply because I pissed one of them off by criticizing them or calling them a shyster.

It is obvious the USDC Rhode Island Shyster has the same discriminatory bigotry as the appellees and the same retaliatory animus to a pro se petitioner's criticism of a federal judge in his court filings. The RI Shyster just goes on in the

Termination Order making hostile and bigoted comments against me. I shall quote a few in order of their appearance —

> **Q3** "By the Court's count, Mr. Strahan refers to Defendants as "Shyster Judges," or some variant thereof, no less than 72 times. … It is also clear from Mr. Strahan's own words that he filed the instant Complaint in retaliation for the District of New Hampshire's dismissal, with prejudice, of the O'Reilly case."

Next is —

> **Q4** "Mr. Strahan appears to believe that he is free to say whatever he wants in court filings or to court personnel and that he is not bound by the Federal Rules of Civil Procedure or court rules. … He is mistaken. See Eagle Eye Fishing Corp., 20 F.3d at 506; Anchor Props., 13 F.3d at 31; see also Murphy v. Maine, C.A. No. 06-062-ML, 2007 WL 9808159, at *3 (D.R.I. Jan. 17, 2007) ("While this Court is obliged to read pro se filings liberally, 'pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988))); cf. id. ("Plaintiff's wild rants against three judicial officers who have rendered decisions in her case do not in any way meet the requirement of 'objective reasonableness' imposed by Rule 11.")."

I must point out at this juncture that none of the above cited cases rules that a case can be terminated wholly based on a plaintiff making critical or insulting statements about a judge in its court filings. And the three shyster Appellees never once ruled that my claims against O'Reilly and the other defendants were not meritorious in all their official rantings about my "harassing" court filings.

Next is —

> **Q5** "Mr. Strahan argues that the dismissal of the O'Reilly case was "based on nothing more than the criticism [he] made of [the judges] in written court filings," Complaint ¶ 14, and was "retaliatory" and

"punitive," id. ¶ 3. However, Mr. Strahan's Complaint makes clear that the court in the O'Reilly case warned him repeatedly that his behavior could subject him to sanctions."

In the above Quote the RI Shyster admits that the *O'Reilly* was only dismissed as retaliation for my court filings that are critical of the three shyster appellees. But he then tries to shift the blame to me by claiming that they threatened and bullied me prior to the retaliatory dismissal, and I should have capitulated to their threats and then added a threat to all pro se petitioners if they insist on exercising their right to Free Speech in court proceedings.

Next is —

**Q6** "For example, the court stated: 'Indeed, [Mr.] Strahan seems more interested in making some sort of point about the limits of his so-called "free speech" and/or the scope of the court's authority to manage both its docket and unruly litigants than he is in addressing the merits of his claims." *That is, of course, his choice. But it is not without consequence.*"

The RI Shyster warns us all that seeking the full enjoyment of Free Speech in a court of law is the plaintiff's choice "*But it is not without consequence.*" I shiver at when I hear a shyster make that threat.

Next is —

**Q7** "For example, Mr. Strahan refers to several orders issued by Defendants in the O'Reilly case, including a Case Management Order, a follow-up Order, and an Order to show cause why the case should not be dismissed. Complaint ¶¶ 17-18, 22-23, 28- 29, 31; see also Docket in Strahan v. O'Reilly, Case No. 22-cv-52-SM, ECF Nos. 9, 42, 72.8 *These were issued and docketed as court orders issued by Defendants in their judicial capacities*. When Mr. Strahan did not abide by the orders, including failing to respond to the show cause Order, see Complaint ¶ 28 (noting that filing a response to the show cause Order to avoid dismissal "would be an act of futility with no

chance of success"), the district court dismissed the complaint, see id. ¶¶ 32-33; Docket in Strahan v. O'Reilly, Case No. 22-cv-52-SM, ECF No. 80.9

In the above, the RI Shyster recognizes that the O'Reilly was terminated by the Shyster Appellees not on the merits of my claims against the defendants in that action but ONLY in retaliation to my merely filing critical documents with the that court containing statements that are critical of the performance of the Shyster appellees under color of their statutory and administrative duties overseeing *O'Reilly*.

Lastly it justifies its dismissal of all my claims against the Shyster Appellees in the underlying action —

> **Q8** "Even if, as Mr. Strahan alleges, Defendants' actions were retaliatory—and the Court here makes no such finding—Defendants are still protected by absolute judicial immunity. See Zenon, 924 F.3d at 616 ("The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith . . .."); see also Velasquez, 2023 WL 2617457, at *1 (noting that plaintiff's claims "indisputably ar[o]se from the defendants' actions taken in their adjudicatory capacities" and should be dismissed)."

**The Failure of the RI Shyster in Justifying Its Termination Order.**

The above cited quotes from the Termination Order constitutes its sole attempt to justify it terminating the entirety of my requested relief in the pleadings in the underlying action. Its Terminating Order only terminated the underlying action by claiming that all my sought for relief against the Shyster Appellees was authorized by 28 USC § 1915 because they are "frivolous" owing to its claim that the Shyster Appellees has a common law "absolute immunity" from my sought for relief despite my claims against it are meritorious since the Shyster Appellees

termination of *O'Reilly* was barred by the Constitution and the Shyster Judges acted outside their constitutional authority.

My claims for injunction and declaratory judgment relief are not absolutely barred by any common law doctrine of absolute immunity. At no point in the Termination order does it cite one Supreme Court or First Circuit decision that rules that a petitioner cannot seek injunctive and/or declaratory judgement against a judicial official to stop it from enforcing a statutory or administrative rule that violates the Constitution or federal statute. It cites no case law and/or statute that explicitly states that a judge can terminate a lawsuit based on nothing more than a plaintiff making a filing with the court that criticizes the presiding judge and/or describes the presiding judge as a "shyster" and/or a "Nazi."

Without any such caselaw it is not possible for a judge to rule that my claims as "frivolous" that are seeking a protective restraining order against these Shyster Appellees and/or a declaratory judgment that prevents them from threatening me with termination of a future lawsuit because I criticized them as bigots and unlawfully discriminating against me as a pro se Petitioner to the USDC District NH court.

The Second Circuit Court of Appeals In *Huminski v. Corsones* 396 F.3d 53 (2d Cir. 2004) ruled that Citizens right to participate in court hearings is protected by the First Amendment —

> "The rights accorded by the First Amendment provide quintessential protection for the individual. In fashioning principles of access rights to the courts under the First Amendment, the Supreme Court has therefore apparently assumed that such rights are personal and may be asserted by an identified excluded individual."

The USDC Vermont Court in *Huminski v. Rutland County*, 148 F. Supp. 2d 373 (D. Vt. 2001) DENIED the defendant's earlier judges FRCP Rule 12 motion to dismiss on a claim they had absolute judicial immunity. Its ruling noted that "absolute immunity" is not available absolutely for every action taken by a judge that violates a citizen's constitution right to access the courts —

> "A judge is subject to suit only when the judge clearly has not been granted the authority to engage in the conduct at issue. See Stump, 435 U.S. at 356-57. The relevant inquiry focuses on whether the judge acted "in excess of jurisdiction" or in the "clear absence of all jurisdiction." Bradley, 80 U.S. at 352. In other words, a judge is completely immune from suit unless the "judge does not act as a judge, or when a judge, though acting under color of judicial authority, lacks any jurisdiction supporting judicial authority for the action taken." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286 (1991)."

There is no case law claiming that a judge has any lawful jurisdiction to retaliate or even edit the content of filings made by a party in a lawsuit's filings with the clerk's office of a USDC court. A judge at best can only choose to ignore or recognize the filings as noticeable by it during its adjudication of the plaintiff claims. It has no jurisdiction to tender its adjudication of a plaintiff's claims based on its subjective feelings of personal insult committed by the plaintiff against it based on his filings with the clerk's office. Orde

A plaintiff's filings with the Clerk's office are off limits to a presiding judge. It cannot unilaterally act to edit, redact, or order them destroyed. Due process of law is required for the government to take such extraordinary steps which would violate the Constitutional rights of the plaintiff as a filer.

The RI Shyster wrongly acted to ignore my *Ex Parte Young* authorized relief for prospective injunctive relief and a declaratory judgment to protect my right to

criticize the Shyster Appellees in my prospective future lawsuits in the USDC NH in which they possibly will be assigned to preside over.

In short there is nothing frivolous about my sought for prospective injunctive relief and declaratory judgment against the Shyster Appellees.

1.  The USDC RI Shyster's claim that a judge has jurisdiction to ignore the Constitution to terminate a lawsuit unilaterally at will as retribution for being criticized in a court filing is WRONG. It is unsupported by any case law and the Termination Order does not give a single example of supportive case law that authorizes the termination of a lawsuit based solely on a plaintiff making critical statements against a presiding judge in a court filing.

2.  A judge has no jurisdiction unilaterally authorize the destruction of a parties filing with the Clerk of Court or its editing or use it as an excuse to delimit its duty to fully adjudicate the claims of the plaintiff on the merits.

3.  Since a presiding judge has no jurisdiction to terminate a lawsuit in retaliation for its being criticized in a filing submitted to the Clerk's Office for filing in a lawsuit, it has no absolute immunity from a lawsuit by a plaintiff seeking a prospective injunctive relief to stop it terminating its lawsuit or otherwise intimidating a plaintiff from criticizing a judge in it court filings.

4.  The Constitution and applicable case law supports my right to bring a lawsuit against the Shyster Appellees for prospective injunctive relief and/or seeking a Declaratory Judgment to protect my constitutional right of Free Speech Right to Petition the Court.

5.  My claims and the underlying issues of my underlying action constitutes a "a case of first impression" for the First Circuit Court of Appeals and the

USDC NH court and therefore cannot be considered as "frivolous" pursuant to 28 USC § 1915 as "frivolous" to authorize its dismissal at the FRCP Rule 12 stage of the proceedings.

## IV. ISSUES ON APPEAL

1. *The trial court erred when it dismissed my underlying lawsuit by declaring it as "frivolous" pursuant to 28 USC § 1915 since there is no existing case law, statutory authority and/or administrative court rule that authorizes a judge to terminate a lawsuit solely in response to a plaintiff describing him using insulting names and/or making critical comments about the judges prejudice against pro se petitioners or any other failings of his official duties.*

It is incontrovertible that the Termination Order provides not a single citation of case law or statute that authorizes judges or providing a court jurisdiction to terminate a lawsuit in retaliation to a plaintiff insulting a judge for any reason in a filing he makes into the lawsuit that he brought. FRCP Rule One explicitly orders a judge to only facilitate the adjudication of a plaintiff's claims regardless of all possible impediments.

At no point in the Termination Order did it make any factual finding that the court's adjudication of the plaintiff's claims in the *O'Reilly* lawsuit had any adverse impact at all on the Shyster Appellees adjudication of his claims. The record does show that the Shyster Appellees never meaningfully adjudicated his claims and instead spent all their time freaking out and insulting me in most of their orders and other recorded actions.

Since there is no case law or statute that explicitly gives a court jurisdiction to punish a plaintiff for filing documents criticizing the court by terminating the proceedings, It is not possible for any judge to find that my claims are "frivolous" pursuant to 28 USC § 1915. May claims in the underlying action are in truth a

"case of first impression" for the USDC NH court that deserves discovery and otherwise full adjudication of my claims.

2. *The trial court erred in refusing to recognize that I have the Constitutional Right under the First Amendment to Freely Criticize a Judge Presiding over A Lawsuit I have Commenced without It Having any Authority/Jurisdiction to Unilaterally Terminate the Said Lawsuit if I Make a Filing that Criticizes the Judge and/or Any Other Court Employee.*

The First Amendment's Petition & Free Speech Clauses prohibits any judge from having the jurisdiction to unilaterally terminate my lawsuit solely because I made filings with the court criticizing the presiding judge and calling it names that pissed him off.

3. *The statute codified as 26 USC§ 1815 is facially unconstitutional because it discriminates against the indigent by requiring them to pay filing fees to commence a civil action despite their indigent status and retaliates against their indigent status and acting pro se by allowing a judge to immediately reject a pro se indigents petition to commence a civil action without first supplying the petitioner the reasons why its petition is infirmed and then supplying the opportunity for him to oppose the said ruling in writing before issuing any judgment of dismissal.*

The Underlying Court Erred in Interfering with My Constitutional Right to Petition Pursuant to the Supreme Court's *Ex Parte Young* ruling that allows Citizens to sue government employees for prospective injunctive relief from enforcing unconstitutional laws including judges enforcing unconstitutional administrative polices that allows a judge to terminate any lawsuit simply by simply claiming that the plaintiff criticisms of the said judge are obnoxious and upsetting to it.

4.     The First Amendment protects the Right of Citizen's to Petition the Courts and delimits any common law claim that authorizes absolute immunity for judges and court employees from interfering with a Citizens enjoyment of the Petition Clause of the First Amendment in commencing a lawsuit without any lawful threat of a judge unilaterally terminating his lawsuit in retaliation for criticizing that judge in his court filings.

In short, the Constitution bans judges from having any jurisdiction to terminate lawsuits owing to their retaliating against a plaintiff making critical comments against a presiding judge in his court filings.

V.     CONCLUSION AND PRAYER FOR RELIEF

I am asking the Court to vacate the underlying court's order of dismissal and to remand the case back to the trial court for further proceedings to discovery and summary judgment.

BY

/s/ Richard Maximus Strahan

_____
Richard Maximus Strahan
esistoo@yahoo.com
617-817-4402

I certify that a copy of this brief and appendix was served on the shysters of the Appellee pursuant to the ECF filing system.